## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KEVIN LAWRENCE OUELLETTE,**

    **Plaintiff,**

    **v.**

**STEPHANIE KREGER, et al.,**

    **Defendants.**

**Case No. 6:26-cv-01088-HLT-BGS**

## ORDER

Plaintiff Kevin Lawrence Ouellette filed this case pro se.[1] The claims arise out of his arrest for parole violations. In the course of granting Plaintiff leave to proceed in forma pauperis, the magistrate judge considered Plaintiff's claims as part of the screening obligations under 28 U.S.C. § 1915(e)(2). She issued a Report and Recommendation ("R&R") on May 22, 2026. Doc. 5. The R&R found that Defendant Kansas Department of Corrections lacked capacity to be sued and was entitled to Eleventh Amendment immunity. *Id.* at 6-7. Plaintiff's claims against the individual defendants who were both sued in their official capacity were likewise barred. *Id.* at 7-8. The R&R separately found that Plaintiff's Fourth Amendment claim failed because that amendment doesn't apply with the same force to the arrest of a parolee, his Fifth Amendment claim named no federal parties, and that Plaintiff failed to allege any facts regarding excessive force, conditions of confinement, or indifference to medical needs that would sustain an Eighth Amendment claim. *Id.* at 8-12. Finally, Plaintiff failed to allege any facts that would rise to the level of a Fourteenth

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmo*n, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

Amendment violation. *Id.* at 12-14. The R&R stated that Plaintiff had 14 days to file any objections and that the failure to do so would bar appellate review. *Id.* at 15.[2]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Failure to object waives de novo review. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Plaintiff did not object to the R&R despite being clearly apprised of the consequences of failing to object. *See* Doc. 5 at 15. He therefore waived the right to de novo review. The Court has reviewed the magistrate judge's R&R as well as the complaint. The Court agrees that Plaintiff's complaint fails for lack of subject-matter jurisdiction and otherwise fails to state a claim under federal law for the reasons explained by the magistrate judge.[3] Although Plaintiff is not entitled to de novo review, the Court notes that it would reach the same conclusion under that standard.

THE COURT THEREFORE ORDERS that the Report and Recommendation (Doc. 5) is ADOPTED as the order of the Court. This case is DISMISSED WITHOUT PREJUDICE. This case is closed.

IT IS SO ORDERED.

Dated: June 26, 2026        /s/ *Holly L. Teeter*
                            HOLLY L. TEETER
                            UNITED STATES DISTRICT JUDGE

---

[2]  A certified mail receipt for the R&R was returned on June 8, 2026. Doc. 6.

[3]  In addition to claims under 42 U.S.C. § 1983, Plaintiff alleges an unspecified claim under the Kansas Constitution, and claims for undue financial and/or residential hardships and mental/emotional/physical anguish. Doc. 1 at 3. The R&R recommended that the Court decline to exercise supplemental jurisdiction over any state-law claims once Plaintiff's federal claims were dismissed. Doc. 5 at 2 n.2. Under 28 U.S.C. § 1367(c)(3), a court may decline supplemental jurisdiction over a state-law claim if, among other reasons, all federal claims have been dismissed. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and therefore dismisses those claims without prejudice.